J. S66043/18
J. S66044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DARREN JOSEPH ARNOLD, | : | No. 1028 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 9, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at Nos. CP-23-CR-0004313-2010,
CP-23-CR-0008017-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DARREN JOSEPH ARNOLD, | : | No. 1030 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 9, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at Nos. CP-23-CR-0004313-2010,
CP-23-CR-0008017-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 31, 2020**

Darren Joseph Arnold appeals from the February 9, 2018 judgment of

sentence entered by the Court of Common Pleas of Delaware County following

his conviction of tampering with a public record, forgery–unauthorized act in

writing, forgery–utters forged writing, and impersonating a public servant.[1]

Shawn K. Page, Esq., filed an application to withdraw his appearance on

August 16, 2018, alleging that the appeal is wholly frivolous, accompanied by

an **Anders** brief.[2]  After careful review, we grant Attorney Page's application

to withdraw and affirm the judgment of sentence.

The relevant factual and procedural history of this case is as follows:

Appellant began working as a salesman at Thomas Chevrolet, a car dealership

located in Middletown Township, Delaware County, Pennsylvania in November

of 2008.  **Commonwealth v. Arnold**, No. 1493 EDA 2011, unpublished

memorandum at 2 (Pa.Super. filed April 2, 2012).  In March of 2009, the

Pennsylvania State Police arrested appellant at a service plaza on the

Pennsylvania Turnpike in Cumberland County after it determined that

appellant was driving a 2009 Chevrolet Suburban belonging to

Thomas Chevrolet without authorization to do so.[3]  **Id.**  After learning of

appellant's arrest in Cumberland County, Thomas Chevrolet initiated an

investigation and discovered that a 2009 Chevrolet Tahoe LTZ was missing

---

[1] 18 Pa.C.S.A. §§ 4911(a)(2), 4101(a)(2), 4101(a)(3), and 4912, respectively.

[2] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[3] Appellant pled guilty to charges related to this incident in Cumberland County.  **Id.**

- 2 -

from the dealership. *Id.* The Tahoe was subsequently located in Philadelphia. *Id.* at 3.

After the police located the Tahoe, the Commonwealth charged appellant at trial court Docket No. CP-23-CR-0004313-2010 with theft by unlawful taking, receiving stolen property, and criminal conspiracy.[4] On November 3, 2010, the trial court convicted appellant of all charges following a non-jury trial. The trial court sentenced appellant to 18-48 months' imprisonment, followed by 3 years' probation on December 6, 2010. A previous panel of this court affirmed appellant's judgment of sentence. *See Commonwealth v. Arnold*, 48 A.3d 466 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 72 A.3d 599 (Pa. 2012).

On January 9, 2016, the owner of Thomas Chevrolet, Thomas Ercolani, received a letter purportedly from the Delaware County District Attorney's Office. (Notes of testimony, 9/20/17 at 13-14.) The letter stated that due to wrongful prosecution for the crimes relating to the theft of the 2009 Chevrolet Tahoe LTZ, Thomas Chevrolet was required to pay damages to appellant totaling $17,151,360. (*Id.* at 22-24.) The letter further stated that a meeting between appellant and Thomas Chevrolet's management was to be scheduled for January 11, 2016, at the dealership. (*Id.* at 22.) On January 11, 2016, appellant appeared at the dealership. (*Id.* at 26.) Pennsylvania State Trooper

---

[4] 18 Pa.C.S.A. §§ 3921(a), 3925(a), and 903(a), respectively.

Michael Bean testified that appellant admitted to writing the letter at issue.

(*Id.* at 63.)

On January 25, 2017, the Commonwealth charged appellant at trial court Docket No. CP-23-CR-000817-2016 with tampering with a public record, forgery–unauthorized act in writing, forgery-utters forged writing, impersonating a public servant, and harassment. The jury convicted appellant of tampering with a public record, both forgery charges, and impersonating a public servant on September 21, 2017. The trial court acquitted appellant of harassment.[5]

On February 9, 2018, the trial court sentenced appellant to an aggregate term of 16-32 months' imprisonment, followed by 52 months' probation at trial court Docket No. CP-23-CR-000817-2016. Immediately after the sentencing hearing, the trial court held a ***Gagnon II*** hearing[6] to address

---

[5] 18 Pa.C.S.A. § 2709(a)(3).

[6] In ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973), the Supreme Court of the United States determined a two-step procedure was required before parole or probation may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [***Gagnon I***] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [***Gagnon II***] prior to the making of a final revocation decision.

*Id.* at 781-782.

appellant's violation of the probation stemming from trial court Docket No. CP-23-CR-0004313-2010. The trial court revoked appellant's probation and sentenced him to 6-24 months' imprisonment to be served consecutively to the first sentence imposed. Appellant did not file any post-sentence motions.

On March 12, 2018, appellant filed a ***pro se*** notice of appeal to this court listing both judgments of sentence, his forgery conviction and his probation revocation sentence, imposed at both trial court docket numbers. This court docketed appellant's notice of appeal at Nos. 1028 EDA 2018 and 1030 EDA 2018. On March 14, 2018, Attorney Page filed a notice of appeal only as to appellant's judgment of sentence on his forgery conviction at trial court Docket No. CP-23-CR-0008017-2016. Attorney Page's notice of appeal was only docketed in this court at No. 1030 EDA 2018.[7] The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on March 16, 2018. On April 23, 2018, the trial court vacated its March 16, 2018 order and again ordered appellant to file a concise statement of errors complained of on appeal. Appellant failed to do

---

[7] Based on our review of the record, we find that appellant's ***pro se*** notices of appeal docketed at Nos. 1028 EDA 2018 and 1030 EDA 2018 are identical. Accordingly, we dismiss appellant's appeal at No. 1028 EDA 2018 as duplicative. ***See Neidert v. Charlie***, 143 A.3d 384, 387 n.3 (Pa.Super. 2016) (summarily dismissing duplicative appeal). This is consistent with case law regarding hybrid representation.

J. S66043/18
J. S66044/18

so, and the trial court filed an opinion pursuant to Pa.R.A.P 1925(a) on June 14, 2018.

As noted above, Attorney Page filed an application to withdraw his appearance, accompanied by an ***Anders*** brief on August 16, 2018. On December 13, 2018, we denied Attorney Page's application to withdraw and remanded so that Attorney Page could file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) or a statement of intent to file an ***Anders*** brief pursuant to Pa.R.A.P. 1925(c)(4). Attorney Page filed a statement of intent to file an ***Anders*** brief on January 13, 2019. We again denied Attorney Page's application to withdraw and remanded on April 15, 2019, for Attorney Page to advise appellant of his right to raise issues that appellant may deem pertinent before this court pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa.Super. 2005). In response, appellant filed a motion "for an appeal status and disposition." Therein, appellant requested that he "receive the final disposition on this said appeal so [he] can proceed with new counsel on appeal and raise important issues on appeal." (Appellant's motion for an appeal status and disposition, 8/22/19 at 2.) Appellant did not elaborate as to what issues he intended to raise on appeal. (***Id.***)

> A request by appointed counsel to withdraw pursuant to ***Anders*** and ***Santiago*** gives rise to certain requirements and obligations, for both appointed counsel and this Court. ***Commonwealth v. Flowers***, 113 A.3d 1246, 1247-48 (Pa.Super. 2015).

- 6 -

These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed ***pro se*** or raise any additional points worthy of this Court's attention.

***Woods***, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an ***Anders*** brief:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361.
>
> **Id.** at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id.** at 1248. In so doing, we review not only the issues identified by appointed counsel in the **Anders** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." **Id.**

**Commonwealth v. Hankerson**, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Page's petition to withdraw, supporting documentation, and **Anders** brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the

- 8 -

brief to appellant; advised him of his right to retain new counsel or proceed *pro se* and raise any additional issues before this court that appellant may deem pertinent; and attached to the *Anders* application a copy of the letter sent to appellant as required under *Millisock*, 873 A.2d at 752 (citation omitted). *See Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in *Santiago* set forth the new requirements for an *Anders* brief, which are quoted above, the holding did not abrogate the notice requirements set forth in *Millisock* that remain binding legal precedent."). While appellant responded to Attorney Page's *Anders* brief, he did not raise any additional issues before this court. As Attorney Page has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of *Anders*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5, quoting *Commonwealth v. McClendon*, 434 A.2d 1185, 1187 (Pa. 1981). Therefore, we now turn to the merits of appellant's appeal.

Attorney Page raises the following issue in his **Anders** brief:[8] "Are there any non-frivolous trial issues preserved on Appeal?" (**Anders** brief at (unnumbered page) 4.) Attorney Page then examines the weight of the evidence presented as it pertained to witness credibility, and concludes that appellant's convictions were based on a credibility determination during the trial. (**Id.** at (unnumbered page) 10.) Although Attorney Page advances no argument in the **Anders** brief with respect to this potential issue, we note that neither **Anders** nor **McClendon** requires counsel to set forth an argument; rather, **Anders** requires counsel to provide references to anything in the record that might arguably support the appeal. **Santiago**, 978 A.2d at 364. Attorney Page has done so. After carefully reviewing the record in this case, we conclude that it supports Attorney Page's assessment that the appeal is frivolous because the record demonstrates that the verdict was not against the weight of the evidence presented against appellant.

Moreover, our independent review of the entire record reveals no additional non-frivolous claims.[9] We, therefore, affirm the judgment of sentence.

---

[8] In his **Anders** brief, Attorney Page references both the judgments of sentence in this matter; however, as noted above, the counseled notice of appeal was as to only the forgery conviction.

[9] In an abundance of caution, and because this is an **Anders** review, we have reviewed the record as it pertains to the judgment of sentence imposed on appellant at trial court Docket No. CP-23-CR-0004313-2010 (revocation of

J. S66043/18
J. S66044/18

Judgment of sentence affirmed at No. 1030 EDA 2018. Appeal docketed at No. 1028 EDA 2018 is dismissed. Petitions to withdraw filed at Nos. 1028 EDA 2018 and 1030 EDA 2018 are granted. Appellant's motions for an "appeal status and disposition" filed at Nos. 1028 EDA 2018 and 1030 EDA 2018 are denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/20

---

probation). We have found no references to anything in the record that may support a non-frivolous appeal.

- 11 -